BANK OF TENNESSEE *v.* ENOCH BILBREY, *et al.*

CHANCERY. *Pleading and Practice. Fraudulent transfer of land. Vendor's lien.* Where a bill has been filed, seeking to subject property fraudulently conveyed by the debtor to a third party, even after decrees *pro confesso* against such parties, the debtor may, pending the litigation, transfer a sufficiency of the property to satisfy the vendor's lien, and a petition to enjoin the decree may be filed, setting up such fact, though no such settlement was relied on in the pleadings.

FROM OVERTON.

Appeal from the Chancery Court.    A. J. MARCH-BANKS, presiding, by interchange.

A. A. SWOPE and J. D. GOODPASTURE for the Bank.

J. H. WINDLE for Bilbrey.

OPINION BY THE COURT.

The bill was filed on the 4th of February, 1860, and alleges that the complainants, the branch Bank of Tennessee, at Sparta, recovered a judgment in 1842, against the defendants, Bilbrey and Swallows, for $148 30, which was yet due and unpaid; that the defendants are insolvent, and that divers. executions at law had been issued against them, and returned *nulla bona;* that the defendant Bilbrey held a tract of land bought by him of defendant Robert Aldred, who executed a title bond therefor to defendant Jackson, the son-in-law of defendant Bilbrey; that Bilbrey was the real purchaser thereof, and had paid most of the purchase money, leaving a balance still due on said purchase; and that said title bond was fraudulently made to defendant Jackson to hinder and delay the creditors of Bilbrey.

The bill was answered at once by Robert Aldred, admitting the facts of the sale to Bilbrey, and the execution of the title bond to Jackson, at Bilbrey's request, and stating the amount due on the purchase by Bilbrey, and that most of the purchase money already paid had been paid by Bilbrey, but a small amount thereof had been paid by defendant Jackson.

The defendants Bilbrey and Jackson did not answer, and decrees *pro confesso* were entered against

them.    The prayer of the bill is that the transaction
between Aldred, Jackson and Bilbrey, in which the
title bond was executed to Jackson, be declared frau-
dulent, and that the land be sold as the property of
Bilbrey, first in discharge of the vendors lien for un-
paid purchase money, and then to pay complainants'
debt.    A decree was rendered at August Term, 1860,
declaring that the land was held by Jackson in trust
for Bilbrey, and directing that it be sold for the
satisfaction first of Aldred's debt, and next for the debt
of complainant; but directing an account first to be
had of the amount of said debts respectively.    The
Master reported at February Term, 1861, the balance
due Aldred, $154 54, and the debt due complainant,
$136 40.    The cause was thereupon continued, and the
Courts being soon thereafter closed by the events of
the civil war, no further action was had in said cause
until October Term, 1866, when the death of defen-
dant, Robert Aldred, was suggested and proven, and
*sci. fa.* awarded to bring his executor, widow and heirs
before the Court, and at February Term, 1867, the
cause was revived against them.    The report of the
Master was at that time confirmed, a decree rendered
for the amounts respectively due Robert Aldred's estate,
and the complainant, and the land ordered to be sold to
pay, first the vendor's balance, and then complainant's
debt.    This decree also adjudged all the costs against the
bank.    On the 29th of April, 1867, before the sale,
defendant Bilbrey presented a petition in this cause,
mis-called a bill of review, seeking to review and en-

join the decree on the ground that after the filing of the original bill, to-wit, on the 2d day of August, 1860, he, the petitioner, and Robert Aldred had come to a settlement, and that Aldred's lien had been extinguished and discharged by a reconveyance of a small portion of the land back to Aldred in payment of the balance of purchase money due. That this settlement was had after the answer of Aldred had been filed, and that at the time of said decree he owed Aldred nothing—a fact which was shown in the proof by the testimony of Granville Swope, and by the production of an instrument purporting to be a conveyance of said parcel of land by Bilbrey to Aldred, which is witnessed by two witnesses, and proven by Swope to have been executed to Aldred in his presence, in full discharge of his said lien. This transaction seems to have been overlooked or ignored by the Chancellor in rendering the decree of sale. The executor of Aldred demurred to the petition on the ground that Bilbrey had no right to convey the land after the filing of the bill; and second, for the want of equity on the face of the petition; and thirdly, because no such settlement was set up or relied on in the pleadings. The demurrer was by the Court disallowed, and the representative of Robert Aldred, declining to answer, the Chancellor proceeded to render a decree, vacating the former decree, so far as it recognized an indebtedness to Aldred, holding the said indebtedness discharged, confirming the transaction between Bilbrey and Robert Aldred, and modifying the first decree so as to have the land sold only for the dis-

charge of the complainant's debt. The proceeding can not be maintained as a bill of review, nor yet is it technically a bill in the nature of a bill of review. In substance and effect it may be more nearly assimilated to a petition for writ of error *coram nobis,* and the Chancellor has arrived at the right result, though by the wrong route, and at the wrong time. The defendant had a right to extinguish the vendor's lien after the bill was filed. By so doing he did not prejudice the Bank in its remedy against the land, for the bank, after its bill was filed, had a right to its sale for its debt, after paying off the vendor's lien. It seems that no prejudice has been done the bank, and none is complained of, and the Chancellor moulded the last decree so as to meet the exact equities of the parties. The deed of Bilbrey to Aldred is inartificial, but we do not doubt, from the proof, that it was executed to Aldred, and that the latter agreed to accept the small parcel of land conveyed in extinguishment of his lien as vendor, and whether the Chancellor was right or wrong in the mode of arriving at the result, yet the result seems to embody the equities of these parties. The whole case is before us, and being of opinion that the decree of the 12th of June, 1867, was, in substance, right, a decree will be entered here accordingly. The parcel of land intended to be conveyed by Bilbrey to Aldred, will be decreed to his heirs in *propria forma;* the vendor's lien will be declared extinguished by said conveyance; and the land sold for satisfaction of complainant's debt. The Chancellor decreed the costs below against complainant.

This was improper. The complainant has prosecuted his suit with full effect. The costs below should be paid by Bilbrey, except such as accrued from the filing of the demurrer, which, with the costs of this Court, will be paid by the appellant.